# In the United States Court of Federal Claims

| | |
|---|---|
| CINDY SCHUSSLER,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | No. 18-cv-00598<br>Filed: January 25, 2021 |

*Chantal Camille Wentworth-Mullin*, Syracuse University College of Law Wohl Family Veterans Legal Clinic, Syracuse, NY for Plaintiff. *Carly Crazer*, Syracuse, NY, participated in the oral argument, under the supervision of Ms. Wentworth-Mullin.[1]

*Kyle Shane Beckrich*, United States Department of Justice, Civil Division, Washington, D.C. for Defendant. With him on the briefs are *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Douglas K. Mickle*, Assistant Director, Washington D.C.; *Joseph G. Nosse*, Major, Judge Advocate, U.S. Army Legal Service Agency.

**MEMORANDUM AND ORDER**

Plaintiff Cindy Schussler seeks relief from a May 17, 2019 determination by the Army Board for the Correction of Military Records (Board) that denied her annuity payments under the Reserve Component Survivor Benefit Plan (SBP). *See* Amended Complaint (ECF No. 20) (Am. Compl.) at 1. Plaintiff argues that the Board erred in its determination that it could not grant relief based upon equitable considerations. Am. Compl. ¶¶ 29-34. Plaintiff does not allege that the Board's determination contained any error of law. *See* June 22, 2020 Transcript of Oral Argument (ECF No. 36) (June 22, 2020 Tr.) at 17, 27:1-2 ("[Plaintiff does not] disagree that the law is against

[1] The Court thanks Ms. Crazer and her supervisor, Ms. Wentworth-Mullin, for their excellent pro bono representation and zealous advocacy.

Mrs. Schussler here."). Instead, Plaintiff asks this Court to remand the action to the Board to determine whether, under equitable considerations, Plaintiff would be entitled to annuity payments under the SBP "if the [National Defense Authorization Act for Fiscal Year 2001 (2001 NDAA)] amendment applied" to her case. Am. Compl. ¶ 34; *see also* Pub. L. No. 106-398, § 655, 114 Stat. 1654A-166 (2000); Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Judgment on the Administrative Record (ECF No. 29).

Defendant United States moves to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims (Rule(s) or RCFC) for failure to state a claim upon which relief can be granted. *See* Defendant's Motion to Dismiss (ECF No. 28) at 1. Alternatively, Defendant moves for judgment on the administrative record pursuant to Rule 52.1. *See id*. Defendant argues that there is no basis for this Court to overturn the Board's determination because the Board made no error of law and fully considered Plaintiff's equitable arguments that she advances here. *Id*. at 7-9, 12-14.

On February 27, 2020, this case was transferred to the undersigned judge pursuant to Rule 40.1(c), and this Court held oral argument on June 22, 2020. *See* February 27, 2020 Order (ECF No. 31); June 22, 2020 Tr. at 1. This Court has considered each of the parties' filings and arguments in ruling on the parties' motions. For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 28) pursuant to Rule 12(b)(6) is **DENIED**. Defendant's Motion for Judgment on the Administrative Record (ECF No. 28) is **GRANTED**. This Court agrees with the Board's finding that, because Plaintiff's husband Frederick Schussler failed to meet the filing deadlines Congress proscribed to elect participation in the SBP, Plaintiff is unfortunately ineligible for annuity payment benefits under the SBP.

BACKGROUND

The Reserve Component Survivor Benefit Plan allows "eligible servicemembers and military retirees to elect to have premiums deducted from their pay in order to provide their spouses with additional benefits after their deaths." *Sharp v. United States*, 580 F.3d 1234, 1236-37 (Fed. Cir. 2009) ("[F]or a surviving spouse of a veteran to receive SBP, the veteran must have been eligible for retirement, 10 U.S.C. § 1448(a)(1), have chosen SBP coverage, *id.* § 1448(a)(2), and have paid premiums for the benefit, *id.* § 1452."); *see also* Pub. L. No. 92–425, 86 Stat. 706-13 (1972) (codified, as amended, at 10 U.S.C. §§ 1447-1455). Two categories of personnel are entitled to participate in the plan: "[p]ersons entitled to retired pay," and "[p]ersons who would be eligible for reserve-component retired pay but for the fact that they are under 60 years of age." 10 U.S.C. § 1448(a)(1). Once a reserve member has served twenty years, the Federal Government must, within a year, notify the reserve member of his or her eligibility to participate in the SBP. *Id.* § 12731(d). This notification is commonly referenced as the "Twenty-Year Letter."

Prior to 2000, persons in the second category—those eligible for retired military pay but for the fact that they are under sixty years of age—only had one guaranteed opportunity to enroll in the SBP prior to age sixty. Those persons could elect SBP coverage within ninety days of receiving their Twenty-Year Letter. *See id.* § 1448(a)(2)(B) (1999). Any person who failed to elect coverage within that ninety-day window would not be entitled to enroll in the plan again until reaching age sixty. *See id.*

In 2000, Congress amended 10 U.S.C. § 1448 to mandate automatic enrollment in the SBP for every person who receives their Twenty-Year Letter before the age of sixty and "is married or has a dependent child," unless he or she makes an affirmative election *not* to enroll within ninety days. 10 U.S.C. § 1448(a)(2)(B) (2000). In other words, Congress changed 10 U.S.C. §

1448(a)(2)(B) from an opt-in provision to an opt-out provision. Congress specifically provided that this change would be applicable "only with respect to" a Twenty-Year Letter sent after January 1, 2001, meaning the new opt-out scheme was not retroactive. Pub. L. No. 106-398, § 655, 114 Stat. 1654A-166 (2000).

Notwithstanding the pre-2000 opt-in requirements of section 1448, Congress has given eligible persons additional opportunities to participate in the SBP even if they did not initially elect to participate within ninety days of receiving their Twenty-Year Letter. In 1998, Congress approved a one-year open enrollment period beginning on March 1, 1999, for persons not currently participating—but who would be otherwise eligible to participate—in the SBP. *See* Pub. L. No. 105-261, § 642, 112 Stat. 2045–46 (1998). In 2004, Congress approved another one-year open enrollment period that began on October 1, 2005. Pub. L. 108-375, § 645, 118 Stat. 1962–63 (2004).

On May 11, 1975, Plaintiff's husband, Frederick Schussler, enlisted in the United States Army Reserve Component and served until January 9, 2005. Am. Compl. ¶ 21. On October 30, 1995, the United States Army (Army) sent Mr. Schussler the Twenty-Year Letter that contained information about his eligibility for military retired pay when he turned sixty years old. Am. Compl. ¶ 7; Administrative Record[2] (ECF No. 27) (Admin. R.) at 37, 41, 170-71. The letter also informed Mr. Schussler of three available benefits: (1) having completed the required years of service, he could apply for retired pay at age sixty; (2) he could opt into the SBP within ninety days of receiving the letter or when he applies for retired pay at age sixty; and (3) he may be eligible and could apply for the Servicemen's Group Life Insurance Program. Admin. R. at 170-

[2] Citations to the Administrative Record refer to the record filed on January 09, 2020 pursuant to Rule 52.1(a) of the Rules of the Court of Federal Claims. The record is paginated sequentially at the lower right portion of the document, and the Court refers to those page numbers in its citations.

71. The two-page letter further explained, in all capitalized letters, that Mr. Schussler had ninety days from the date of the letter to opt-in and submit an election for his spouse to be eligible for the survivor benefit under the SBP. *Id.*; Am. Compl. ¶ 8. The letter further explained that if Mr. Schussler died prior to turning sixty years old, his surviving spouse would not have another opportunity to elect the survivor benefit under the SBP. Am. Compl. ¶ 9. It is undisputed that Mr. Schussler did not submit the election for the survivor benefit within ninety days of receiving his Twenty-Year Letter. Am. Compl. ¶ 23. Nor did he enroll in the program during the additional election periods available to him within the 1999-2000 or 2005-2006 open enrollment periods. *See* Admin. R. at 84. However, he did enroll in the Servicemembers Group Life Insurance on July 11, 1996, listing Mrs. Schussler as his beneficiary. *See* Am. Compl. ¶ 12.

Sadly, Mr. Schussler died on April 10, 2013, six months before his sixtieth birthday. Am. Compl. ¶ 20. In total, Mr. Schussler served in the United Stated Army Reserve Component from May 11, 1975, to January 9, 2005, a total of thirty uninterrupted years. Am. Compl. ¶ 21. By all accounts, he was an excellent soldier, knowledgeable, and well-liked.

On February 28, 2014, Plaintiff applied for survivor benefits under the SBP. Am. Compl. ¶ 22. Since Mr. Schussler failed to elect into the SBP after receiving his Twenty-Year Letter, on April 4, 2014, the Army denied Plaintiff's eligibility to receive the claimed survivor benefits. Am. Compl. ¶ 23. On October 22, 2014, Plaintiff filed an application for correction of military records to the Board requesting that the Army find her entitled to survivor benefits under the SBP. Am. Compl. ¶ 24. On July 7, 2015, the Board, by unanimous vote, recommended to grant relief of the SBP annuity, reasoning "that the Army provided no evidence [Mr. Schussler] actually received a request to elect coverage." Admin. R. at 49. Further, the Board considered the Army's change in procedures to default to full coverage in the event the Army did not receive a response to the

contrary. *Id.*

On July 22, 2015, the Deputy Assistant Secretary of the Army (Assistant Secretary), Francine C. Blackmon, declined to adopt the Board's recommendation, noting that Plaintiff provided her husband's Twenty-Year Letter with her application to the Board and that the letter was fully available in her husband's military records. Am. Compl. ¶ 26; Admin. R. at 49. Assistant Secretary Blackmon also noted that, in 1995, participation in the SBP was elected coverage and that Plaintiff provided "no evidence of [Mr. Schussler's] intent to provide this optional coverage in the absence of the required form." Admin. R. at 49.

On April 24, 2018, Plaintiff filed her initial complaint with the United States Court of Federal Claims, seeking that "the Court reinstate the Army's Board of Corrections for Military finding that Mrs. Schussler is entitled to Survivor Benefits Plan" or in the alternative that "the Court remand the issue to the Board of Corrections for Military Records to grant her entitlement." Complaint (ECF No. 1) (Compl.) ¶ 4. On August 9, 2018, Defendant moved the Court, unopposed, to remand the case to the Board to reconsider the claim for relief asserted by Plaintiff. *See* Defendant's Unopposed Motion for Voluntary Remand and for a Stay Pending Remand Proceedings (ECF No. 7) at 1. On August 21, 2018, this Court remanded the case contending that "the Board should evaluate Mrs. Schussler's application for an exception to policy for the Reserve Component Survivor Benefit Plan." August 21, 2018 Order (ECF No. 8).

On May 20, 2019, the Board notified Plaintiff that her request for an SBP annuity was denied. *See* Admin. R. at 1; Am. Compl. ¶ 30. The Board met on May 17, 2019, and discussed (1) Mr. Schussler's failure to submit an election for SBP within ninety days of receiving his Twenty-Year Letter; (2) Plaintiff's failure to show that Mr. Schussler intended to elect into the SBP; and (3) Mr. Schussler's decision not to elect into the SBP which automatically deferred the

decision until Plaintiff's husband was eligible to apply for retired pay again at age sixty. Admin. R. at 3-7. The Board determined that no error or injustice existed warranting Plaintiff's entitlement to spousal benefits under the SBP and that insufficient evidence to grant relief existed. *Id*. at 5-7. On September 12, 2019, Plaintiff filed an Amended Complaint with this Court seeking relief from the Board's determination and denial of benefits. Am. Compl. at 1.

## APPLICABLE LEGAL STANDARDS

The Tucker Act, 28 U.S.C. § 1491, authorizes actions for monetary relief against the United States to be brought in this Court. *See Greenlee Cty. Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007). The Tucker Act itself, however, does not provide a substantive cause of action absent a money-mandating statute. This Court has jurisdiction to consider claims for annuity payments requested under an SBP pursuant to 10 U.S.C. §§ 1448-1450, which are money-mandating statutes. *See Barber By & Through Barber v. United States*, 676 F.2d 651, 654 (Ct. Cl. 1982); *Bonewell v. United States*, 87 Fed. Cl. 413, 424 (2009).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017). Allegations contained in the complaint must indicate that there is "more than a sheer possibility that a defendant has acted unlawfully," and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Pursuant to Rule 52.1(c), this Court reviews the Board's determinations with references to the administrative record decision. *See XOtech, LLC v. United States*, 950 F.3d 1376, 1379 (Fed. Cir. 2020); *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). In deciding such motions for judgment on the administrative record, the Court considers "whether, given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence of record." *Palantir USG, Inc. v. United States*, 904 F.3d 980, 989 (Fed. Cir. 2018) (citation and quotation omitted); *see infra* at 9.

DISCUSSION

As an initial matter, this Court declines to resolve Plaintiff's claim on the pleadings because both parties rely extensively on the administrative record and matters outside of the pleadings. *See Young v. United States*, 497 F. App'x 53, 58 n.7 (Fed. Cir. 2012) (noting that the parties presented and the lower court considered matters beyond the pleadings, specifically from the administrative record, and consequently treating the lower court's decision as a judgment on the administrative record under Rule 52.1). Therefore, Defendant's motion as it relates to Rule 12(b)(6) is denied, and the Court must resort to the administrative record to resolve Plaintiff's claims.

Plaintiff does not challenge the Board's legal or factual findings. Instead, Plaintiff argues that the Board's decision failed because it did not consider her equitable arguments. Am. Compl. at ¶ 5-6, 34. Plaintiff requests that this Court remand the issue to the Board to determine whether, "under the proper equity considerations, the Plaintiff would have received [the SBP annuity] if the 2001 NDAA amendment applied." *Id.*

While the Secretary of the Army, through the Board, may correct or remove an injustice under 10 U.S.C. § 1552, this Court's review of that Board's decision is narrow. *See Stein v. United States*, 121 Fed. Cl. 248, 266 (2015). In *Murphy v. United States*, the Federal Circuit held that a "pure legal error" must exist, and the "rubric [of alleged] injustice" alone does not provide any basis for judicial relief. 993 F.2d 871, 874. Accordingly, unless the Board's decision "is arbitrary, capricious, unsupported by substantial evidence, or contrary to law," this Court will not disturb the Board's decision. *See Lewis v. United States*, 458 F.3d 1372, 1376 (Fed. Cir. 2006) (citations omitted). Moreover, where a Board's decision is not arbitrary or capricious, this Court will not substitute its judgment for that of the Board. *See, e.g.*, *Honeywell, Inc. v. United States*, 870 F.2d 644, 648 (Fed. Cir. 1989) (stating that, where a court finds a reasonable basis for agency action, it should "stay its hand even though it might, as an original proposition, have reached a different conclusion . . ."); *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983) (noting that a court is not to substitute its judgment for the Board's with regard to a military service determination "when reasonable minds could reach differing conclusions on the same evidence"); *Telos Identity Mgmt. Solns., LLC. v. United States*,143 Fed. Cl. 787, 792 (2009) (same) (citing *Bowman Transp., Inc. v. Ark-Best Freight Sys., Inc.*, 419 U.S. 281, 285-86 (1974)). Finally, any remand ordered pursuant to the Tucker Act "must be consistent with the statutory scheme under which the agency has taken action." *Richey v. United States*, 322 F.3d 1317, 1323 (Fed. Cir. 2003).

Applying those standards to the present action, this Court cannot find the Board's decision to be arbitrary or capricious; any such finding would require overriding the plain language of 10 U.S.C. § 1448. The Secretary of the Army, acting through the Army Board for the Correction of Military Records, may—in his or her discretion—correct a military record when the Secretary considers it necessary to correct or remove an injustice. *See* 10 U.S.C. § 1552. In carrying out its

function, the Board must determine "whether the applicant has demonstrated the existence of a material error or injustice that can be remedied effectively through correction of the applicant's military record and, if so, what corrections are needed to provide full and effective relief." *See* 32 C.F.R. § 581.3(b)(4).  The Secretary, through the Board, must respond to all an applicant's non-frivolous arguments.  *See Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997).  In reaching its determination, the Board is also required to provide a brief statement of the grounds for denial of relief.  *See* 32 C.F.R. § 581.3(g).  The Board's statement of denial and response to non-frivolous arguments does not need to be of "ideal clarity" so long as the Board's rationale can "reasonably be discerned."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43 (1983) (citations and quotations omitted).  Here, the Board satisfied this standard in reaching its decision.

Plaintiff argued to the Board that it could grant her relief based on purely equitable grounds, without a finding of legal or factual error.  Admin. R. at 5.  Following this Court's August 21, 2018 remand, Plaintiff argued that "the Board did not adequately focus on the injustice arguments raised by Mrs. Schussler." June 22, 2020 Tr. at 15:21-23.  Further, Plaintiff argued that the "Board failed to adequately address the fact that the law was changed" and "to consider the very particular injustices here in this case."  *Id*. at 16:13-16, 18:11-13.  The "injustice was so clear on its face, that Mr. Schussler died six months prior to getting this letter again after a very long period of having not elected SBP in the first place, and as we know, probably being unaware of the open enrollment period."  *Id*. at 18:15-20.  Specifically, Plaintiff asked the "Board to focus on injustice" and, in focusing on injustice, consider that the protection of automatic enrollment "was not in place" when her husband received his Twenty-Year Letter in 1995. Admin. R. at 5.  Plaintiff noted that the law has since changed with the presumption of a soldier's spouse automatic enrollment in the SPB,

and Plaintiff believes that her husband should have been entitled to such automatic enrollment. *Id*. To that end, Plaintiff contended that, if the post-2000 version of section 1448 were in place at the time Mr. Schussler had received his Twenty-Year Letter, he would have automatically been enrolled in the SBP; therefore, his surviving spouse would be entitled to annuity benefits under that plan. Admin. R. at 5. Further, Plaintiff highlighted that Mr. Schussler listed her as his principal beneficiary on his Servicemembers Group Life Insurance on July 11, 1996 as evidence that he intended to care for her. *See* Am. Compl. ¶ 12.

Plaintiff therefore requested that the Board "change the [former service member's] record to show he made a timely election for [enrollment.]" Admin. R. at 5. In response, the Board reviewed each of Plaintiff's equitable arguments and documented its reasoning behind its decision. *See* Admin. R. at 2-8. The Board stated:

> [It] is cognizant the law changed after the [former service Member] received the 20-year letter to require spousal consent in situations in which a member elects anything but immediate [spousal benefit plan] coverage. However, Congress expressly made the changes to the spousal consent requirements non-retroactive. The amendment applies only with respect to 20-year letters issued on or after January 1, 2001 and is inapplicable to this case. As such, the Board finds no error that supports granting the requested relief.
>
> . . . Further, equity does not indicate that granting relief is otherwise appropriate. The Board is sympathetic to the applicant's situation in that the [former service member] died within one year of reaching age 60, at which time he could have elected [spousal benefit plan] coverage for his spouse. This is not a case in which the [former service member] had the intention of making the election, took steps to formalize the election, and yet somehow ultimately failed to memorialize the election in writing. For instance, the applicant has not contended that the [former service member] told her he elected [the spousal benefit plan] when he received the 20-year letter or provided evidence he tried to elect, but sent the letter to the wrong address. Likewise, the applicant does not assert she did not know that she was not covered. Rather this appears [to be] a situation where the [former service member] (and the applicant) made a choice not to elect [the spousal benefit plan] when he received the 20-year letter and, unfortunately, the [former service member] passed away prior to reaching age 60.

Admin. R. at 6.

The Board did not abuse its discretion in rejecting Plaintiff's equity arguments where such arguments contravene Congress's express mandate that section 1448 is not retroactive and only applies to those receiving Twenty-Year Letters sent after January 1, 2001. Pub. L. No. 106-398, § 655, 114 Stat. 1654A-166 (2000). As noted, in 2000, Congress amended 10 U.S.C. § 1448, switching the provision from an opt-in program to an opt-out program. Specifically, the amended statute permitted automatic enrollment in the SBP for any person who receives a Twenty-Year Letter before the age of sixty and "is married or has a dependent child" at the time of receipt "unless the recipient affirmatively elects *not* to enroll within ninety days. 10 U.S.C. § 1448(a)(2)(B) (2000). Congress specifically provided that this change would apply "only with respect to" Twenty-Year Letters sent after January 1, 2001. *See* Pub. L. No. 106-398, § 655, 114 Stat. 1654 (2000). As a result, Congress was clear that the amendment to 10 U.S.C. § 1448 is not retroactive and, thus, cannot apply to Mr. Schussler, who received his Twenty-Year Letter before January 1, 2001. Am. Compl. ¶ 7. As the Board recognized, "Congress could have, but did not, make this change to the law retroactive." Admin. R. at 8; *accord Puerto Rico v. Franklin California Tax-Free Trust*, 136 S.Ct. 1938, 1949 ("[O]ur constitutional structure does not permit this Court to 'rewrite the statute that Congress has enacted.'" (quoting *Dodd v. United States*, 545 U.S. 353, 359 (2005)). Accordingly, the Board's reasoning and decision to deny Plaintiff's application for the SBP annuity is supported by—not contrary to—law. *See* Admin. R. at 8. Without any legal or factual error, the Board's decision was a pure exercise of discretion, which this Court does not have the authority disturb in this circumstance. *See Richey*, 322 F.3d at 1323 (stating that any remand ordered pursuant to the Tucker Act "must be consistent with the statutory scheme under which the agency has taken action"); *Murphy,* 993 F.2d at 873 ("invocation of the rubric 'injustice' provides no basis for judicial relief" (citing 10 U.S.C. § 1552(a)); *Kreis v. Sec'y*

*of Air Force*, 866 F.2d 1508, 1513 (D.C. Cir. 1989) (finding a court will disturb only the military board's "most egregious" decisions).

As noted at oral argument, this Court fully recognizes that the 2001 NDAA's lack of retroactivity may seem unfair to service members and their spouses who have made great sacrifices in service of the United States. *See* June 22, 2020 Tr. at 22:9-14. In the past, Congress approved one-year open enrollment periods twice, in 1999 and 2005, to permit those who were otherwise ineligible at that time to participate in the SBP, like Mr. Schussler, to opt into the program.[3] Unfortunately, Mr. Schussler did not take advantage of those enrollment opportunities. Admin. R. at 6.

This Court has looked for any lawful way to award Mrs. Schussler the relief she seeks; however, this Court cannot constitutionally substitute its judgment for that of Congress's or rewrite

[3] At oral argument, the parties briefly discussed whether the Army had a duty to inform Mr. Schussler of the open enrollment periods in 1999 and 2005. *See* June 22, 2020 Tr. at 21:14-24:24. However, Plaintiff did not present evidence or argument to the Board showing that Mr. Schussler's failure to opt-in during those enrollment periods was due to any sort of alleged injustice or that the Army had a legal duty to provide Mr. Schussler with notice of the opt-in period—or even that Mr. Schussler was unaware of the opt-in periods. The Board gave Plaintiff multiple opportunities to make arguments, and it considered every injustice argument Plaintiff made. Admin. R. at 3-8 (May 17, 2019 ABCMR Record of Proceedings), 66-69 (July 7, 2015 ABCMR Record of Proceedings). Additionally, Plaintiff does not allege that Plaintiff has information regarding enrollment period notice. *See* June 22, 2020 Tr. at 21:7-13 (stating, in response to the Court's question of whether Plaintiff would make this open enrollment period notice argument to the Board on remand, "[i]f we found any evidence, affirmative evidence that [Mr. Schussler] did not get notified of these, absolutely, Your Honor."). Plaintiff's failure to raise this argument before the Board prevents Plaintiff from raising the argument here. *See Metz v. United States*, 466 F.3d 991, 998-99 (Fed. Cir. 2006) ("[A] plaintiff may waive an argument with respect to that issue by not asserting it before the Board."); *Rock v. United States*, 112 Fed. Cl. 113, 127 (2013) ("plaintiff waives his argument when he could have appropriately raised the argument during prior agency proceedings but waits to raise the argument until he appeals the agency decision to this court." (citing *Metz v. United States*, 466 F.3d 998-99 (Fed. Cir. 2006)). As Plaintiff acknowledges, the Board correctly found that, as a matter of law, the changes to section 1448 do not apply retroactively, and thus do not apply to Mr. Schussler. Am. Compl. ¶ 15. Accordingly, no basis exists for this Court to overturn the decision of the Board. *Haskins v. United States*, 51 Fed. Cl. 818, 829 (2002) (finding that the Board's decision was proper where Board applied the proper legal standards and considered all evidence and argument presented by plaintiffs).

unambiguous statutes in the name of equity. While this Court would like to award Mrs. Schussler judgment here, it simply cannot do so lawfully.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 28) pursuant to Rule 12(b)(6) is **DENIED**. Defendant's Motion for Judgment on the Administrative Record (ECF No. 28) is **GRANTED**. In finding that Plaintiff is ineligible for benefits under the Reserve Component Survivor Benefit Plan, the Board acted reasonably based on the record evidence and in accordance with applicable law. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant.

IT IS SO ORDERED.

s/Eleni M. Roumel
ELENI M. ROUMEL
Chief Judge

Dated: January 25, 2021
Washington, D.C.